**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| JOSEPHINE KIEN MBAH | CIVIL ACTION NO. 26-3733 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WARDEN RICHWOOD DETENTION CENTER, ET AL. | MAGISTRATE JUDGE GALE |

**ORDER**

Josephine Kien Mbah ("Petitioner") has filed a petition for a writ of habeas corpus, Record Document 1, and a motion for temporary restraining order, Record Document 2. The habeas petition is **REFERRED** to the Magistrate Judge for recommendation. For the following reasons, the motion for temporary restraining order, Record Document 2, is **DENIED**.

Petitioner claims Respondents took her into custody on September 18, 2026 without written reasons or an informal interview. Record Document 2-1 at 2. She argues Respondents have violated the *Accardi* Doctrine by their failure to follow their own revocation regulations set forth in 8 C.F.R. §§ 241.4(l), 241.13(i). Record Document 1 at 12. However, Petitioner does state she has received notice of removal to Rwanda. Record document 2-1 at 2.

Injunctive relief requires that the movant show (1) a substantial likelihood that she will prevail on the merits, (2) a substantial threat that she will suffer irreparable injury, (3) that her injury outweighs any harm to the other party, and (4) that an injunction would not disserve the public interest. *City of El Cenizo, Tex. v.*

*Tex.*, 890 F.3d 164, 177 (5th Cir. 2018). The final two elements, difference in harm and public interest, merge when the government is a party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Petitioner has made no clear showing of a substantial likelihood she will prevail on the merits.

Petitioner's motion for a temporary restraining order and preliminary injunction turns on her request for either prohibiting removal from the United States or transfer outside of the Western District of Louisiana. Record Document 2 at 2-3. As such, Petitioner's motion mirrors the same relief demanded in her habeas petition. "Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now…The Court will not allow Petitioner to commit an end-run around the habeas process." *Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025). Accordingly, the motion for temporary restraining order, Record Document 2, is **DENIED**.

**DONE AND SIGNED** at Shreveport, Louisiana, this 25th day of September, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE